**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DATA CARRIERS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MERZ, INCORPORATED,**<br><br>**Defendant.** | **CIVIL ACTION NO. 2:15-cv-182**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MERZ, INCORPORATED'S ANSWER**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Merz, Incorporated ("Merz"), by and through the undersigned counsel, hereby responds to the allegations made in Plaintiff Data Carriers, LLC's ("Data Carriers") Original Complaint as follows:

**NATURE OF THE ACTION**

**1.** Merz admits that a copy of the United States Patent No. 5,388,198 ("the ''198 patent") is attached as Exhibit A to the Original Complaint. Merz also admits that the '198 patent is so titled. Merz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies them.

**PARTIES**

2. Merz lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Merz admits that it is a North Carolina corporation with a principal place of business at 6501 Six Forks Road, Raleigh, North Carolina 27615. Merz further admits that its registered agent for service of process is Corporation Service Company at 327 Hillsborough Street, Raleigh, North Carolina 27603.

## JURISDICTION AND VENUE

4. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Merz admits that the Original Complaint purports to state a claim under the patent laws of the United States, Title 35 of the United States Code, and that such a claim, if proper, would arise within the Court's subject matter jurisdiction. Merz denies that the Original Complaint states a valid claim.

5. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Merz denies committing any acts of infringement in this judicial district or elsewhere, but does not contest personal jurisdiction in this Court for this matter.

6. Read in context with Paragraph 5, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Merz denies the allegations in Paragraph 6 of the Complaint, but Merz does not contest personal jurisdiction in this Court for this matter.

7. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Merz denies committing any acts of infringement in this judicial district or elsewhere, but does not contest venue in the Eastern District of Texas for this matter.

## COUNT I – PATENT INFRINGEMENT

8. Merz admits that, in Paragraph 8, Plaintiff attempts to incorporate Paragraphs 1-7 of the Original Complaint. To the extent that a response is required, Merz restates and incorporates by reference each of its responses to those Paragraphs, as if fully set forth herein.

9. Merz admits that the face of the ’198 patent reflects that the patent issued on February 7, 1995. Merz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. Merz denies the allegations in Paragraph 10 of the Complaint.

11. Merz denies the allegations in Paragraph 11 of the Complaint.

12. Merz admits that it does not need and does not have authority and/or a license from Plaintiff. Merz denies the remaining allegations in Paragraph 12 of the Complaint.

13. Merz lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14. Merz denies the allegations in Paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

Merz denies that Data Carriers is entitled to any relief from Merz or the Court, either as prayed for in the Complaint or otherwise. Merz has not infringed, directly or indirectly, any valid and enforceable claim of the ’198 patent, and Data Carriers is not entitled to any remedy or recovery.

## GENERAL DENIAL

Merz further denies each allegation contained in Data Carriers’ Original Complaint that was not specifically admitted, denied, or otherwise responded to herein.

## DEFENSES

Merz alleges and asserts the following defenses. Merz expressly reserves the right to allege and assert additional defenses that become known through the course of discovery and investigation of this case.

**FIRST DEFENSE**
**(Invalidity)**

The claims of the ’198 patent are invalid for failure to meet at least one of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND DEFENSE**
**(Laches, Estoppel and Waiver)**

Plaintiff’s claims are barred, in whole or in party, by the equitable doctrine of laches, estoppel, and/or waiver. The ’198 patent was issued more than two decades ago and the activity alleged in the Complaint to constitute infringement has been on-going for more than five years in “plain sight.” The patentee’s delay in bringing its claims for infringement of the patents in suit is unreasonable and Merz has been prejudiced by it.

**THIRD DEFENSE**
**(Limitations on Damages, Failure to Mark or Otherwise Provide Notice)**

Data Carriers has failed to comply with the patent marking and notice requirements of 35 U.S.C. § 287, and did not give Merz pre-suit notice of its alleged infringement regarding the ’198 patent. Thus, any claim for damages for patent infringement by Data Carriers is limited, at a minimum by § 287, to those damages occurring only after the notice of infringement.

Any claim by Data Carriers for damages, costs, or attorneys’ fees is also limited under 35 U.S.C. § 286 and § 288.

**COUNTERCLAIMS**

For its counterclaims against Data Carriers, LLC (“Data Carriers”), Merz, Incorporated (“Merz”) avers and states as follows:

**THE PARTIES**

1. Counterclaim Plaintiff Merz is a North Carolina corporation with its principal place of business located at 6501 Six Forks Road, Raleigh, North Carolina 27615.

2. As pled in its Original Complaint, Counterclaim Defendant Data Carriers is a Texas limited liability company with a principal place of business located at 719 W Front Street Suite 174, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.
4. By filing its Complaint, Data Carriers has consented to the personal jurisdiction of this Court.
5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## EXISTENCE OF ACTUAL CONTROVERSY

6. Data Carriers alleges in its Original Complaint that it is the owner by assignment of the ’198 patent and, therefore, possesses all rights of recovery under the ’198 patent, including the exclusive right to sue for infringement and recover past damages.
7. Data Carriers alleges in its Original Complaint that Merz directly and indirectly infringes the patents in suit.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the ’198 Patent)**

8. Merz incorporates the allegations in paragraphs 1 through 7 of these Counterclaims as if fully set forth herein.
9. Merz has not infringed and is not infringing any claim of the ‘198 patent in any way, whether directly or indirectly, or whether literally or under the doctrine of equivalents.
10. Data Carriers’ wrongful allegations of infringement of the ‘198 patent and Merz’s denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.

11. Merz seeks a judgment that it has not infringed and is not infringing and that its products have not and do not infringe any claim of the ‘198 patent in any way (directly or indirectly, literally or under the doctrine of equivalents).

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’198 Patent)**

12. Merz incorporates the allegations in paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

13. The ‘198 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. Upon information and belief, at least the prior art listed on the face of the ‘198 patent constitutes prior art to that patent. At least the independent claims of the ‘198 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because one or more prior art references, including without limitation those prior art references referred to above, either alone or in combination, disclose at least the independent claims of the ‘198 patent; and/or that the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed. Merz’s investigation is ongoing and may reveal additional invalidating references.

15. A genuine and justiciable controversy exists between Merz and Data Carriers regarding the validity of the ‘198 patent.

16. Merz seeks a judgment that the ‘198 patent is invalid for failure to satisfy one or more of the requirements of Title 35, including without limitation, sections 101, 102, 103 and/or 112.

## RELIEF REQUESTED

1. A judgment in favor of Merz denying Data Carriers all relief requested in its Complaint in this action, and dismissing Data Carriers' Complaint for patent infringement with prejudice;

2. A judgment declaring that Merz has not infringed and does not infringe any claim of the '198 patent in any way (directly or indirectly, literally or under the doctrine of equivalents);

3. A judgment declaring that each claim of the '198 patent is invalid;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Merz its costs, expenses, and reasonable attorneys' fees; and

6. That the Court award Merz such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38(a), Defendant/Counterclaimant Merz respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: April 27, 2015

*/s/ Andrew W. Stinson*
Andrew W. Stinson
State Bar No. 24028013
RAMEY & FLOCK
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413
astinson@rameyflock.com

Jeffri A. Kaminski
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601
202.344.4813
jakaminski@venable.com
crnelson@venable.com

*Attorneys for Defendant Merz, Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 27, 2015 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Andrew W. Stinson*
Andrew W. Stinson